FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C § 1983
## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

**COMPLAINT**

WALKER              K5384
(Last Name)         (Identification Number)

TYRONE
(First Name)        (Middle Name)

East Miss. Corr. Facility (E.M.C.F)
(Institution)

10641 Hwy 80 West, Meridian, Ms 39307
(Address)
(Enter above the full name of the plaintiff, prisoner, and address plaintiff in this action)

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JAN 26 2017
ARTHUR JOHNSTON
BY_____ DEPUTY

v.

Frank Shaw, Norris Hogans,
Ray Rice, Michael Rice, Richard
Cooney, Tony Donald, Marshall
Fisher, Pamela Robinson, Michelle Jackson,   (see attached)
(Enter above the full name of the defendant or defendants in this action)

CIVIL ACTION NUMBER: 3:17cv57-HSO-JCG
(to be completed by the Court)

### OTHER LAWSUITS FILED BY PLAINTIFF

**NOTICE AND WARNING:**
The plaintiff must fully complete the following questions. Failure to do so may result in your case being dismissed.

A. Have you ever filed any other lawsuits in a court of the United States?     Yes (✓)  No ( )

B. If your answer to A is yes, complete the following information for each and every civil action and appeal filed by you. (If there is more than one action, complete the following information for the additional actions on the reverse side of this page or additional sheets of paper.)

1. Parties to the action: James Burke, ET AL

2. Court (if federal court, name the district; if state court, name the county): Southern district of Miss Western Division

3. Docket Number: 5:16CV17-DCB-MTP

4. Name of judge to whom case was assigned: MTP

5. Disposition (for example: was the case dismissed? If so, what grounds? Was it appealed? Is it still pending?): Dismissed Due to ARP findings

1

Tyrone Walker # K5384
E.M.C.F
10641 Hwy 80 West
Meridian, Ms 39307

V.

Frank Shaw; Norris Hogans;
Ray Rice; Michael Rice; Richard
Cooney; Tony Donald; Marshall
Fisher; Pamela Robinson; Michelle
Jackson; Tony Compton; Management
Training Corporation; Centurion of MS, LLC; et al

## PARTIES

(In item I below, place your name and prisoner number in the first blank and place your present address in the second blank. Do the same for additional plaintiff, if any).

I. Name of plaintiff: Tyrone Walker   Prisoner Number: K5384

Address: E.M.C.F, 10641 Hwy 80 West
Meridian, Mo 39307

(In item II below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use the space below item II for the names, positions, and places of employment of any additional defendants.)

II. Defendant: Frank Shaw    is employed as Warden    at the East Mississippi Correctional Facility (E.M.C.F), 10641 Hwy 80 West, Meridian, Mo 39307

The plaintiff is responsible for providing the court the name and address of each plaintiff(s) as well as the name(s) and address(es) of each defendant(s). Therefore, the plaintiff is required to complete the portion below:

PLAINTIFF:

NAME: Tyrone Walker K5384   ADDRESS: E.M.C.F, 10641 Hwy 80 West, Meridian, Mo 39307 (see attachment)

DEFENDANT(S):

NAME: Norris Hogans, Warden of Security   ADDRESS: E.M.C.F, 10641 Hwy 80 West, Meridian, Mo 39307

Ray Rice, Warden of Programs    E.M.C.F, 10641 Hwy 80 West, Meridian, Mo 39307

Michael Rice, Major    E.M.C.F, 10641 Hwy 80 West, Meridian, Mo 39307 (see attachment)

2

Parties (Continued)

Plaintiff: Tyrone Walker #K5384, E.M.C.F., 10641 Hwy 80 West, Meridian, Ms 39307

v.

Defendant(s): Richard Cooney, Lieutenant (Lt.), E.M.C.F., 10641 Hwy 80 West, Meridian, Ms 39307;
Tony Donald, Unit Manager, E.M.C.F., 10641 Hwy 80 West, Meridian, Ms 39307;
Marshall Fisher, Commissioner of the Mississippi Department of Corrections (M.D.O.C.), 633 North State Street, Jackson, Ms 39202;
Pamela Robinson, Director of Offender Services (M.D.O.C.), 633 North State Street, Jackson, Ms 39202;
Michelle Jackson, Assistant Director of Offender Services (M.D.O.C.), 633 North State Street, Jackson, Ms 39202;
Jerry Compton, Director of Private Prisons (M.D.O.C.), 633 North State Street, Jackson, Ms 39202;
Management Training Corporation (M.T.C.), exact address unknown, Utah;
Centurion of MS, LLC, contractual medical services employed by Management Training Corporation, exact address unknown, Jackson, Ms; et al.

## GENERAL INFORMATION

A. At the time of the incident complained of in this complaint, were you incarcerated because you had been convicted of a crime?

   Yes (✓)   No ( )

B. Are you presently incarcerated for a parole or probation violation?

   Yes ( )   No ( )

C. At the time of the incident complained of in this complaint, were you an inmate of the Mississippi Department of Corrections (MDOC)?

   Yes (✓)   No ( )

D. Are you currently an inmate of the Mississippi Department of Corrections (MDOC)?

   Yes (✓)   No ( )

E. Have you completed the Administrative Remedy Program regarding the claims presented in this complaint?

   Yes (✓)   No ( ), if so, state the results of the procedure: _See exhibit(s) #1, #2, and #3._

F. If you are not an inmate of the Mississippi Department of Corrections, answer the following questions:

   1. Did you present the facts relating to your complaint to the administrative or grievance procedure in your institution?

      Yes ( )   No ( )

   2. State how your claims were presented (written request, verbal request, request for forms): _N/A_

   3. State the date your claims were presented: _N/A_

   4. State the result of the procedure: _N/A_

3

## STATEMENT OF CLAIM

III. State here as briefly as possible the facts of your case. Describe how each defendant is involved. Also, include the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of different claims, number and set forth each claim in a separate paragraph. (Use as much space as you need; attach extra sheet if necessary.)

1.) The Plaintiff is currently housed at the East Mississippi Correctional Facility (E.M.C.F.) due to a previous consent decree in which the Mississippi Department of Corrections (M.D.O.C.) agreed to house inmates (such as the Plaintiff) diagnosed with an Axis-I mental illness at E.M.C.F.

2.) Prior to September 14, 2016, the Plaintiff was housed on Unit 5 Delta pod/zone of E.M.C.F.

Unit 5 Delta pod/zone is the sole designated housing area for the High-Risk Incentive Program.

The Plaintiff, an inmate with an Axis-I diagnosis, under psychiatric care, was classified by the Mississippi Department (see attached)

## RELIEF

IV. State what relief you seek from the court. Make no legal arguments. Cite no cases or statutes.

The Plaintiff is seeking fifty (50) thousand dollars in punitive damages from Lt. Richard Cooney.

The Plaintiff is seeking fifty (50) thousand dollars in punitive damages from Management Training Corporation.

The Plaintiff is seeking twenty-five (25) thousand dollars (see attached)

Signed this 16th day of January, 20 17

_Tyrone Walker K5384_
Signature of plaintiff, prisoner number and address of plaintiff

I declare under penalty of perjury that the foregoing is true and correct.

_January 16th 2017_
(Date)

_Tyrone A. Walker K5384_
Signature of plaintiff

4

Statement of Claim (continued) 2 of 6
of Corrections, specifically Pamela Robinson and Michelle Jackson, to attend the High-Risk Incentive Program.

The Plaintiff was placed on Unit 5 Delta pod/zone as a result of the classification action(s) of Robinson and/or Jackson.

The Defendant(s), and/or their designees, in the operation of the High-Risk Incentive Program within the East Mississippi Correctional Facility violated multiple departmental policies which led to the Plaintiff being subjected to cruel and unusual punishment and the deprivation of procedural due process.

Pursuant to High-Risk Incentive Tier Program, S.O.P. 19.03, page 1, lines 14-16, stipulates that high-risk incentive programs will be utilized within M.D.O.C. facilities/units. See: exhibit "4.

The East Mississippi Correctional Facility (E.M.C.F.) is not a Mississippi Department of Corrections (M.D.O.C.) facility/unit. E.M.C.F. is a private prison currently operated by the private prison contractor Management Training Corporation (M.T.C.). Furthermore, E.M.C.F. is supposed to be a designated mental health facility for inmates with an Axis-I (severe mental illness). See: exhibit "5, page 1 and 2.

The Plaintiff, prior to September 14, 2016, was on Level 3 of the High-Risk Incentive Program.

The Defendant(s), and/or their designees, violated departmental policy entitled High-Risk Incentive Tier Program, S.O.P. 19.03.01, page 3, lines 95 and 118, by allowing inmates who were on Level(s) 1 and 2 to be out of their cell(s), unescorted and unrestrained, around the Plaintiff. See: exhibit "6.

Most of the aforementioned inmates were not/are not under psychiatric care, do not receive/take psychotropic medication, and/or are not classified as special needs and therefore should not have been housed with and/or around the Plaintiff.

3.) On or about September 14, 2016, an altercation erupted among several inmates in the High-Risk Incentive Program.

The Plaintiff attempted to defuse the confrontation before it escalated. However, the Defendant(s), and/or their designees, placed the Plaintiff in segregation in response to the Plaintiff's attempt to stop physical conflict(s) that were direct results of the Defendant(s), and/or their designees, violation of departmental policies as cited above and attached.

The Plaintiff is being held in solitary confinement/isolation, behind a solid door with a narrow window made of a combination of scratched plastic and a metal grate. There is a tray-slot with a lockable flap

attached to the cell door.

The Plaintiff, being held in solitary lockdown, behind a solid door with the tray-slot locked, has no viable, realistic means of communication with staff members in the event of an emergency.

4.) On or about November 30, 2016, the Plaintiff, housed within a single man cell, behind a locked door, held his (Plaintiff's) arm out of the tray-slot of his (Plaintiff's) cell door.

The Plaintiff, in the above described circumstances of restraint, did not pose a legitimate threat to the physical well-being of any individual.

The Defendant, Lt. Richard Cooney, in a hostile manner approached the Plaintiff in regards to the Plaintiff's arm preventing employees from locking the Plaintiff's tray-slot. The Plaintiff informed Lt. Cooney that he (Plaintiff) was repetitively being denied/deprived of shower(s) and/or recreation by specific employees and could not adequately communicate and/or address the conditions of confinement that he (Plaintiff) was/is being subjected to.

The Plaintiff requested to speak with either Warden Frank Shaw or Warden Norris Hogans.

The Defendant, Lt. Cooney, left the unit and later returned with Mental Health Counselor Pickering.

While the Plaintiff was in the process of speaking with Mr. Pickering, Lt. Cooney sprayed the Plaintiff with OC Spray in the face, then locked the tray-slot on the Plaintiff's cell door, leaving the Plaintiff confined in the contaminated cell for approximately two (2) hours before attempting to extract the Plaintiff.

Lt. Cooney, during the extraction of the Plaintiff, became angry and aggressive toward the Plaintiff. Lt. Cooney threatened the Plaintiff; Cooney stated that he (Cooney) would teach the Plaintiff a lesson.

In the hall area commonly referred to as the Green Mile, the area between Unit(s) 1 and Unit(s) 5 and 6, Lt. Cooney slammed the Plaintiff to the floor and began to punch the Plaintiff in the head and facial area.

Case Manager Sharon Williams and Mental Health Counselor Pickering witnessed these events and Lt. Cooney's assault upon the Plaintiff.

Lt. Cooney, in front of witnesses, put his (Cooney's) knee in/on the Plaintiff's neck and allowed a second employee to strike the Plaintiff in the face. Lt. Cooney and the second employee took turns assaulting the Plaintiff.

Case Manager Anderson, whom apparently is no longer employeed at the East Mississippi Correctional Facility, ordered Lt. Cooney to hog-tie

Statement of Claim (continued)                                    4 of 6

the Plaintiff, with the Plaintiff's legs pulled backward to an unnatural and painful angle.

The Defendant(s), and/or their designees, after having beaten a fully restrained, mentally ill inmate who had just been left in a solitary confinement cell contaminated with OC Spray for two (2) hours, then forced the hog-tied Plaintiff into a restraint chair in which the Plaintiff's neck, arms, and hands were tied to the chair for approximately four (4) hours. During which time several employees took turns striking the Plaintiff.

The Plaintiff was eventually taken to Rush Hospital due to injuries sustained to the Plaintiff's arm as a result of the assault(s) upon the Plaintiff by the Defendant(s), and/or their designees.

Lt. Cooney was allegedly suspended, temporarily, for his (Cooney's) action(s) against the Plaintiff.

5.) According to Access to Programs and Services, S.O.P. 20.03, page 1, lines 1-4 and lines 31-33, it stipulates that the Plaintiff is entitled to access to programs and services without discrimination. See: exhibit #7.

6.) According to Mental Health Care Programs, S.O.P. 25.06-G, page 2, lines 61-65, it stipulates that if the Plaintiff is requesting intervention by mental health services the Plaintiff can complete a Medical Services Request form to convey the request. See: exhibit #8.

Pursuant to departmental policy, Mental Health Care Programs, S.O.P. 25.06-G page 3, lines 88-100, it stipulates that once the Plaintiff requests mental health intervention a consultation will be completed prior to any action regarding the mentally ill in the following areas: Housing assignments, Program assignments, Disciplinary measures, Transfers to other institutions. See: exhibit #8.

Employees of Centurion of MS, LLC, the medical services provider currently employeed by Management Training Corporation (M.T.C.) to provide mental health care for inmates housed at E.M.C.F. and thereby the Plaintiff, routinely ignore written request(s) for intervention.

In the immediate instance, a mental health counselor, Mr. Pickering, was speaking with the Plaintiff. The Plaintiff was verbally requesting mental health intervention in regards to the locking of the tray-slot on the Plaintiff's door when Lt. Cooney initiated the assault on the Plaintiff. Once the Plaintiff articulated his (Plaintiff's) desire, to Mental Health Counselor Pickering, for mental health intervention, Lt. Cooney was forbidden from taking any action against the Plaintiff.

According to Segregated Inmates, S.O.P. 25.10-E, page 1, lines 13-33, set forth specific procedures and due process requirements. See: exhibit #9; lines

Statement of Claim (continued)                                                                5 of 6
30-31, provide for mental health officials to dictate special accommodations such as allowing the tray-slot to remain open.

The procedures described in S.O.P. 25.06-G and S.O.P. 25.10-E were approved by the Commissioner, M.D.O.C. General Counsel, M.D.O.C. Medical Director and the contracted medical provider's Regional Medical Director. See: exhibit "10".

7.) The Defendant(s), Frank Shaw, Norris Hogans, Ray Rice, and Michael Rice are well aware of the fact that Lt. Richard Cooney is the source of unreasonab[le] conflicts and altercations with inmates and other employees.

Prior to being transferred to E.M.C.F., Lt. Cooney was employeed at the Walnut Grove Correctional Facility (W.G.C.F.) by Management Training Corporation. Lt. Cooney was the continuous source of problems with inmates and other employees until the administration at W.G.C.F. restricted Lt. Cooney to working one designated area, the intake area, of W.G.C.F.

When Lt. Cooney transferred to E.M.C.F. the problems followed Lt. Cooney.

In fact, Warden Frank Shaw banned Lt. Cooney from working Unit 5 of the East Mississippi Correctional Facility.

The Defendant(s), and/or their designees, failed to take corrective action(s) and enforce the ban preventing Lt. Cooney from working Unit 5.

Lt. Cooney issued the Plaintiff a rule violation report (R.V.R.) See: exhibit "11".

8.) The Defendant(s), and/or their designees, further violated departmental policy entitled Disciplinary Procedures, S.O.P.18.01.01, page 10, lines 446-450, which mandate that the Disciplinary Hearing Officer will consider the mental status of each offender when assessing punishment. See: exhibit "12".

9.) The Plaintiff is a mentally ill inmate with an Axis-I diagnosis, who did not pose a legitimate, imminent, threat to any individual while being housed in a single man cell in solitary confinement.

The Plaintiff was seeking mental health intervention when he (Plaintiff) was aggressed upon by Lt. Cooney and assaulted with OC Spray.

The Plaintiff did not commit any overt action(s) in which to justify the use of force against him (Plaintiff). See: exhibit "11", which is the rule violation report written by Lt. Cooney. Lt. Cooney fails to state any overt act/threatening action(s) of the Plaintiff that would precipitate a legitimate use of force.

The Plaintiff was seeking mental health intervention regarding the tray-slot being locked. Lt. Cooney was forbidden from any and all action(s) until a consultation could be completed.

Statement of Claim (continued)                                                                 6 of 6

10.) The Defendant(s), and/or their designees, allowed the Plaintiff to be left in a cell contaminated with Oleoresin Capsicum (OC) spray for approximately two (2) hours.

11.) When the Plaintiff was extracted from the cell the Defendant(s), and/or their designees, placed the Plaintiff in full restraints; handcuffs, waist chain, and shackles.

Lt. Cooney physically assaulted the fully restrained Plaintiff and allowed another employee to assault the Plaintiff.

12.) The Defendant(s), and/or their designees, hog-tied the Plaintiff, and forced the Plaintiff into a restraint chair without properly obtaining authorization.

13.) According to Disciplinary Procedures, S.O.P. 18.01.01, page 19, lines 685-688, it stipulates that disciplinary action will not be capricious or in the nature of retaliation or revenge. Corporal punishment of any kind is strictly prohibited.
See: exhibit #13.

The Defendant(s), and/or their designees, engaged in corporal punishment by spraying the Plaintiff with OC Spray and by physically beating the Plaintiff.

14.) The Plaintiff is being held in administrative segregation in violation of Offender Segregation, S.O.P. 19.01.01, page 2, line 53, which stipulates that administrative segregation will not be used as punishment for misconduct.
See: exhibit #14.

15.) The Defendant(s), and/or their designees, individually and/or collectively, have engaged in systematic abuse(s) of the Plaintiff by subjecting the Plaintiff to cruel and unusual punishment and depriving the Plaintiff of procedural due process; violating departmental policy entitled Protection From Harm, S.O.P. 20.05, page 1, lines 1-13.
See: exhibit #15.

16.) The Defendant(s), and/or their designees, are obligated by departmental policy, General Standards of Professional Conduct, S.O.P. 03.01, page 2, line 91, to protect the civil, legal, and constitutional rights. See: exhibit #16

_____
Signature of Plaintiff

Relief (continued)                                           2 of 2
in punitive damages from Centurion of MS, LLC.
    The Plaintiff is seeking injunctive relief which requires the Defendant(s) to identify and seperate mentally ill inmates from inmates who are not mentally ill.
    The Plaintiff is seeking injunctive relief which requires the Defendant(s) to provide a minimum of forty (40) hours of training in working with the mentally ill prior to allowing any employee to work around mentally ill inmates.
    The Plaintiff is seeking injunctive relief which requires Management Training Corporation and Centurion of MS, LLC to adhere to the policies and procedures of the Mississippi Department of Corrections in regards to the care and confinement of mentally ill inmates.

                                                  _Tyrone Walker_
                                                  Signature of Plaintiff